**SIGNED THIS: February 2, 2012**

_____
**Mary P. Gorman
United States Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| In Re | ) |
| | ) Case No. 10-71920 |
| MONICA LYNN MOFFETT, | ) |
| | ) Chapter 7 |
| Debtor. | ) |
| _____ | ) |
| | ) |
| JOHN L. SWARTZ, Trustee, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Adversary No. 10-7094 |
| | ) |
| MONICA LYNN MOFFETT, | ) |
| | ) |
| Defendant. | ) |

## O P I N I O N

This matter is before the Court for decision after trial of an Objection to Discharge complaint

filed by the Chapter 7 Trustee against the Debtor. Because this Court finds that the Trustee met his burden of proof to establish that the Debtor concealed property of the estate and made false oaths both on her schedules and during her testimony at her meeting of creditors, the Debtor will denied a discharge.

**Factual and Procedural Background**

Monica Lynn Moffett ("Debtor") filed her voluntary petition under Chapter 7 of the Bankruptcy Code on June 15, 2010. Her petition was filed by Attorney Larry Spears of Ostling & Associates. John L. Swartz ("Trustee") was appointed as the Chapter 7 Trustee in the case and continues to serve in that capacity.

When she filed this case, the Debtor had a vested right to receive payments pursuant to a structured settlement agreement she had entered into during litigation related to injuries she sustained in an automobile accident in 2005. The remaining settlement payments due to her were in the amounts of $10,000 payable on March 22, 2016; $17,500 payable on March 22, 2021; and $28,170 payable on March 22, 2026. The Debtor did not disclose her right to receive these payment on her schedules and she affirmatively denied that she was owed any money from any source when questioned by the Trustee at her creditors meeting on August 2, 2010.

In September 2010, the Trustee received a call from an attorney representing the Debtor's ex-husband in matters relating to the enforcement of the terms of a Judgment for Dissolution of Marriage and related Marital Settlement Agreement that had been entered and approved by the Circuit Court of McLean County, Illinois, in 2006. Pursuant to those documents, the Debtor had been ordered to use $10,000 of the settlement funds she received from the automobile accident litigation to set up an educational fund for the parties' minor children. Because the Debtor's ex-husband believed that the Debtor was not maintaining that fund, he sought post-judgment relief from the state

court. During a hearing which occurred after the filing of this case and after her testimony at the creditors meeting, the Debtor was questioned about the remaining amounts due to her from the structured settlement and what impact her bankruptcy filing had on those funds. She admitted before the state court that she had not disclosed the structured settlement payments to the Trustee. Her testimony prompted the ex-husband's attorney to notify the Trustee of the existence of the structured settlement payments still due to the Debtor.

The Trustee undertook an investigation and learned that the Debtor had settled her accident case for $225,000 and, after payment of attorney fees and costs and some bills and other obligations required by her divorce documents, she had received $77,813.61 and the right to receive the additional structured settlement payments beginning in 2016. The $10,000 educational fund for her children should have been established from the funds she received directly at the time. Although the Debtor admits that she had not fully complied with that obligation at the time this case was filed, she did not list her ex-husband or her children as creditors and failed to disclose the pending litigation with her ex-husband on her Statement of Financial Affairs.

The Trustee filed his adversary complaint objecting to the Debtor's discharge on December 2, 2010. Attorney Spears timely answered the complaint on behalf of the Debtor but, with respect to certain allegations of the complaint, stated that the Debtor "neither admits nor denies the allegations." Attorney Spears did not qualify those responses with any lack of knowledge or inability of the Debtor to admit or deny the particular allegations. Accordingly, the Trustee filed a motion relying on Fed. R. Civ. P. 8(b) requesting that the allegations of the complaint which were not specifically denied be deemed admitted. At a hearing held March 15, 2011, Attorney Lindsay Shull of Ostling & Associates appeared on behalf of the Debtor and conceded the Trustee's motion. An order deeming admitted the allegations of the complaint that had not been denied was entered the next day.

Attorney Spears and the Ostling & Associates firm subsequently withdrew from representing the Debtor in this matter. The Debtor obtained substitute counsel prior to trial.

At trial, the Trustee testified about his investigation and his discovery of the Debtor's right to receive the structured settlement payments. By agreement with the Debtor and her attorney, transcripts of her testimony at her meeting of creditors and at a Rule 2004 examination were admitted into evidence. Also by agreement, other documents, including a worksheet and intake sheet from Ostling & Associates and the Debtor's Judgment of Dissolution and Marital Settlement Agreement, were entered into evidence.

The Debtor testified and admitted that she had not disclosed her right to the structured settlement payments or the pending litigation with her ex-husband on her schedules or Statement of Financial Affairs. She stated that, in March 2010, she had consulted with a representative of Ostling & Associates, Denise Knoles, whom she believed at the time was an attorney and had been told by Ms. Knoles that the future structured settlement payments were "irrelevant" and "exempt." At the conclusion of that initial consultation, Ms. Knoles advised the Debtor that she was a candidate for Chapter 7 bankruptcy and gave her a packet of forms to fill out if she chose to proceed.

In June 2010, the Debtor received a notice that the Internal Revenue Service ("IRS") was going to levy against her wages for unpaid income taxes. She then contacted Ms. Knoles again to file bankruptcy. Ms. Knoles advised via email that the Debtor just needed to provide a list of her creditors, complete her credit counseling, and pay the Ostling & Associates' fee and her case could be filed. However, because of the emergency nature of the filing, the Debtor was instructed to go to the Bloomington office of Ostling & Associates rather than the Lincoln office where Ms. Knoles worked. Ms. Knoles referred the Debtor to Justine Guthrie, a legal assistant in the Bloomington office.

The Debtor worked with Ms. Guthrie to prepare her petition for the initial filing on June 15,

2010, and then to complete the other documents, including her schedules and Statement of Financial Affairs, which were filed on June 29, 2010. She admitted that she did not include information about the structured settlement payments on the worksheets she filled out for Ms. Guthrie. Again, she claimed that was because she had been told by Ms. Knoles that the payments were "irrelevant" and "exempt." The Debtor testified that she has subsequently learned that Ms. Knoles is not an attorney and that she never met with anyone who was an attorney at Ostling & Associates prior to the filing of her case.

Denise Knoles was called as a witness by the Trustee and testified that she has been employed as a legal assistant at Ostling & Associates for twelve years. Her job duties include going over paperwork with clients and preparing and filing petitions and related documents. She admitted that she had no specific recollection of the Debtor but knew at the time of trial from a review of the office paperwork that she had consulted with the Debtor in 2010. She stated that she provides free initial consultations to potential Ostling & Associates clients at various locations in Central Illinois and had met the Debtor in that capacity. Ms. Knoles stated that the initial consultations generally only last 15 to 20 minutes and, at the conclusion, she advises potential clients of whether they are a candidate for Chapter 7 or Chapter 13 bankruptcy and gives them packets of forms to fill out if they decide to proceed.

Ms. Knoles identified the intake sheet she had completed during her consultation with the Debtor. She acknowledged that the handwriting on the form was hers and specifically identified that she had written "Deferred Annuity 2016 2021 2026" on the form. She confirmed that the notation meant that the Debtor had told her about the future payments she was entitled to receive but she denied that she would have given the Debtor legal advice about how a bankruptcy filing would impact the payments. She testified that she would have told the Debtor to bring in her paperwork about the payments for review by an attorney. She admitted, however, that despite the disclosed issue

of the Debtor's right to future payments, the intake sheet also shows that, at the conclusion of the consultation, she advised the Debtor that she was a candidate for Chapter 7 bankruptcy.

Justine Guthrie was also called as a witness by the Trustee. She stated that she had been employed by Ostling & Associates as a legal assistant for seven years and described her job duties as meeting with clients and preparing bankruptcy petitions. She identified a worksheet given to the Debtor by Ms. Knoles at the initial consultation that the Debtor had filled out and delivered to Ms. Guthrie when she decided to file. Ms. Guthrie stated that she goes over the worksheet in detail with clients and asks about any issues where the client has not fully filled out the form. Ms. Guthrie stated that she requires all information needed to complete a bankruptcy filing before the case is filed, even when a case is being filed on an emergency basis. She testified that she met with the Debtor on several occasions and had the Debtor review and sign all of her pleadings and documents. Upon completion of her work, Ms. Guthrie stated that she gives the signed documents to the office manager who then hands the documents off to an attorney in the firm. Ms. Guthrie had no recollection that the Debtor here would have met with an attorney before the case was filed.

Ms. Guthrie testified that Attorney Larry Spears reviews all Chapter 7 petitions for cases to be filed in the Springfield Division of the Central District of Illinois. She stated that means he "goes over" the petition. According to Ms. Guthrie, Attorney Spears does not routinely review the original intake sheet or the worksheets filled out by clients and legal assistants. And, generally, Attorney Spears does not meet with either the client or the legal assistant who prepared the documents as part of his review before a case is filed.

In her defense, the Debtor introduced a series of emails she exchanged with various employees of Ostling & Associates both before and after her filing. The emails establish that the Debtor contacted Ostling & Associates right after her state court hearing where the issue of her structured payments came up and she did express surprise that her failure to disclose the payments

might be a problem. The emails also establish that, contrary to their testimony, Ms. Knoles did, in fact, provide legal advice to the Debtor about a number of issues and Ms. Guthrie did not, in fact, collect all required information about the Debtor's financial situation before the case was filed.

At the conclusion of the trial, the matter was taken under advisement for a review of the exhibits and testimony. The matter is now ready for decision.

### Jurisdiction

This Court has jurisdiction to decide the issues before it pursuant to 28 U.S.C. § 1334. The issue of whether a debtor is entitled to a discharge is a core proceeding. *See* 28 U.S.C. § 157(b)(2)(J).

### Legal Analysis

The Trustee alleges that the Debtor should be denied a discharge because she concealed her right to the structured settlement payments and because she made false oaths when she failed to list the payments on her schedules and when she testified at her creditors meeting that she was not owed any money from any source. In order to obtain a denial of the Debtor's discharge, the Trustee must prove the elements of his complaint by a preponderance of the evidence. *See In re Scott*, 172 F.3d 959, 966-67 (7th Cir. 1999).

In Count I of his complaint, the Trustee pleads the concealment issue and relies on § 727(a)(2) of the Code which provides:

> (a) The court shall grant the debtor a discharge, unless—
>
> * * * *
>
> (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or

concealed—

>> (A) property of the debtor, within one year before the date of the filing of the petition; or
>>
>> (B) property of the estate, after the date of the filing of the petition[.]

11 U.S.C. § 727(a)(2).

To prevail on Count I, the Trustee must prove that the Debtor (1) concealed, (2) her property or property of the estate, (3) with the intent to hinder, delay or defraud a creditor or the Trustee, (4) within one year of the bankruptcy filing or after the case was filed. *See In re Kontrick*, 295 F.3d 724, 736 (7th Cir. 2002); *Village of San Jose v. McWilliams*, 284 F.3d 785, 791 (7th Cir. 2002). Concealment consists of "failing or refusing to divulge information to which creditors were entitled." *In re Self*, 325 B.R. 224, 237 (Bankr. N.D. Ill. 2005).

The Debtor admitted most of the allegations of Count I of the Trustee's complaint in her answer and in her trial testimony, and virtually all of the Trustee's trial testimony was unrebutted. It is not, therefore, disputed that the Debtor owned the right to the structured settlement payments and, upon her bankruptcy filing, the right to those payments became property of the estate. *See* 11 U.S.C. § 541(a)(1); *Matter of Yonikus*, 996 F.2d 866, 869 (7th Cir. 1993). It is also not disputed that she failed to disclose the existence of the payments despite her obligation to do so on her schedules and when questioned by the Trustee at her creditors meeting. Thus, the only issue in dispute is whether the Debtor concealed her right to the payments with the intent to hinder, delay, or defraud a creditor or the Trustee.

The Debtor denies that she acted with intent to defraud but, of course, such intent is rarely admitted. Because the actual intent of a person is hard to prove absent an admission, the intent to hinder, delay, or defraud may be proven through circumstantial evidence. *See Village of San Jose*, 284 F.3d at 791. "Intent to defraud involves a material representation that you know to be false, or,

what amounts to the same thing, an omission that you know will create an erroneous impression." *In re Chavin*, 150 F. 3d 726, 728 (7th Cir. 1998). Further, "not caring whether some representation is true or false — the state of mind known as 'reckless disregard' — is, at least for purposes of the provisions of the Bankruptcy Code governing discharge, the equivalent of knowing that the representation is false and material." *Id.*

Here, all of the circumstantial evidence supports finding that the Debtor acted with intent to hinder, delay, and defraud the Trustee by her concealment of the structured settlement payments. The Debtor admitted that her right to the payments was on her mind when she initially consulted with Ms. Knoles and that she raised the topic directly during that meeting. The evidence also established that her ex-husband had filed his state court action in February or March 2010, and that the case had originally been set for hearing in June 2010 but was continued and finally heard in September 2010. Thus, throughout the time she was meeting with Ms. Guthrie and preparing her bankruptcy petition and related documents, she was directly involved in another action related to the disposition of settlement proceeds. Accordingly, it is clear that she did not just simply forget to list the payments on her schedules and to tell the Trustee about them at her creditors meeting.

The Debtor heard from Ms. Knoles that the payments were exempt, and she then made the affirmative choice not to disclose the payments on the worksheets she prepared for Ms. Guthrie, and not to disclose the payments when she was directly questioned by the Trustee. The Debtor listed other exempt property on the worksheets and on her schedules and makes no claim that anyone told her that exempt property need not be disclosed. The Debtor does not claim that Ms. Knoles told her she did not need to disclose the payments or that, if asked about the payments, she should lie. Rather, the Debtor claims that she came away from the meeting with Ms. Knoles believing that the payments were "irrelevant" and, therefore, she did not disclose them. But, it was not up to the Debtor to decide what was relevant when filling out her schedules and answering the Trustee's questions. At best, her

testimony was an admission of reckless disregard for the truth, and that is sufficient to establish her intent to hinder, delay, and defraud the Trustee.

The Trustee met his burden of proof on Count I of his complaint. The Debtor will be denied a discharge for her concealment of her right to receive the structured settlement payments.

In Count II of his complaint, the Trustee alleges that the debtor should be denied a discharge because she made false oaths in completing her schedules and in her testimony at the August 2nd creditors meeting. The Trustee relies on § 727(a)(4)(A) of the Code which provides:

> (a) The court shall grant the debtor a discharge unless—
>
> * * * *
>
> (4) the debtor knowingly and fraudulently, in or in connection with the case—
>
> (A) made a false oath or account[.]

11 U.S.C. § 727(a)(4)(A).

To prevail on Count II, the Trustee must prove that the Debtor (1) made statements under oath, (2) the statements were false, (3) the Debtor knew the statements were false, (4) the Debtor made the statements with fraudulent intent, and (5) the statements related materially to the bankruptcy case. *See Stamat v. Neary*, 635 F.3d 974, 978 (7th Cir. 2011).

The Debtor has admitted that her schedules were signed under oath and that her testimony at her creditors meeting was given under oath. She also has admitted that her schedules were false in that they did not disclose the structured settlement payments due to her, and that her testimony was false when she told the Trustee that she was not owed any money from any source. The Trustee testified that the $57,000 in future payments due to the Debtor constituted a material asset of the estate and that the Debtor's failure to disclose the payments was a material omission. The Debtor

made no attempt to dispute or rebut the testimony on materiality.

Thus, the only dispute is whether the Debtor's false oaths were made knowingly and fraudulently. There is no question but that the Debtor's false oaths were made knowingly. She does not claim that she forgot about the structured settlement payments. To the contrary, she admits that keeping the payments was of concern to her. The Debtor admitted that, because Ms. Knoles told her the payments were exempt, she considered the payments irrelevant and then lied on both her schedules and at her creditors meeting. The Trustee proved her false statements were knowingly made.

The analysis of whether the Debtor's false oaths were fraudulently made is the same analysis as was required under Count I to determine whether her concealment was done with intent to defraud. *See Chavin*, 150 F.3d. at 727. And, accordingly, the result of the analysis must be the same. The Debtor made a conscious decision not to disclose the payments and, therefore, intentionally made false oaths on her schedules and in her testimony. Again, at best, her own testimony establishes a reckless disregard for the truth.

The Trustee has met his burden of proof as to Count II. The Debtor will be denied a discharge for making false oaths.

This Court has found the Debtor responsible for her own conduct and has refused to excuse her wrongful conduct based on her allegations of inadequate legal representation. Nevertheless, the pitiful quality of the legal services she received from Ostling & Associates has not gone unnoticed by this Court.

When Attorney Larry Spears signed the Debtor's Chapter 7 bankruptcy petition, his signature constituted a certification that he had performed a reasonable investigation into the circumstances

giving rise to the petition and that the petition was well-grounded in fact and warranted by existing law. *See* 11 U.S.C. § 707(b)(4)(C). Further, Attorney Spears signed a declaration on the Debtor's petition certifying that he had informed her about the various bankruptcy chapters by explaining the relief available under each chapter and that he had delivered to her the notice required by § 342(b). *See* 11 U.S.C. § 342(b). But, the Debtor testified that she never met or talked with Attorney Spears or any other attorney from Ostling & Associates before the case was filed. And, both Ms. Knoles and Ms. Guthrie acknowledged in their testimony that the practices in their office were such that the Debtor might well not have met with an attorney before filing.

Ms. Knoles admittedly advised the Debtor that she was a candidate for Chapter 7 bankruptcy even though neither an attorney nor Ms. Knoles had actually investigated the circumstances of the Debtor's structured settlement payments. Further, subsequent emails confirm that the advice to file Chapter 7 was given even though Ms. Knoles did not know about the Debtor's IRS problems or her pending litigation with her ex-husband.

Ms. Guthrie aggravated the problems by processing an emergency Chapter 7 filing after receiving only a list of the Debtor's creditors. The email history provided by the Debtor confirms that she was told that she just needed the creditor list to file and that Ms. Guthrie actually collected the other information necessary to complete the schedules and Statement of Financial Affairs only after the case was filed. The worksheets used by Ms. Guthrie to complete the filings are incomplete and evidence no attempt by anyone at Ostling & Associates to investigate the circumstances giving rise to the Debtor's bankruptcy filing. Ms. Guthrie's own testimony shows that she and Ostling & Associates actually provided nothing more than typing services to the Debtor.

It is obvious that the legal services provided to the Debtor in this case did not meet even the

most minimal standards for the competent and ethical practice of law. This Court has previously criticized the practice at Ostling & Associates of having inadequately trained and unsupervised legal assistants doing all of the legal work for clients and then having Attorney Spears "robo-sign" pleadings and other legal documents. *See In re Delaney*, 2011 WL 1749596 at *4 (Bankr. C.D. Ill. May 6, 2011). The practice simply cannot continue. Accordingly, although it will provide no benefit to the Debtor here in her quest to receive a discharge, a separate order will be entered requiring Attorney Spears to show cause why he should not be sanctioned for his conduct in this case.

**Conclusion**

The Debtor filed her bankruptcy case knowing that she had a valuable asset that she did not want to lose. To that end, she failed to disclose her right to future structured settlement payments both on her schedules and when directly questioned by the Trustee at her creditors meeting. Her conduct warrants the denial of her discharge and an order will be entered accordingly.

This Opinion shall serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###